DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Doreen Walker appeals from the decision of the Lorain County Court of Common Pleas, which affirmed the decision of the Unemployment Compensation Review Commission denying Walker's application for unemployment compensation. This court affirms.
 I.
In October 1998, Doreen Walker was employed by a health care services agency. On October 6, 1998, Walker was advised that there was no work available and she was totally unemployed. On October 14, 1998, Walker applied for unemployment compensation, and registered with the Ohio Bureau of Employment Services (OBES) to find another job as required for eligibility for unemployment compensation. On November 13, 1998, the OBES administrator issued an initial determination that Walker was ineligible because she was discharged with just cause. Walker appealed the decision, and on January 13, 1999, the Review Commission reversed the administrator's decision and determined that Walker was in fact eligible for unemployment compensation for the week ending October 17, 1998.
In the meantime, Walker did not file ongoing claims for unemployment compensation for the weeks she was unemployed during the pendency of her administrative appeal. Once the Review Commission issued its determination in her favor, Walker filed for unemployment on February 11, 1999, for the weeks ending November 7, 1998 through January 23, 1999. At the same time, Walker also filed for the weeks ending January 30 and February 6, 1999. The OBES administrator denied the first set of claims as untimely filed, and the second set of claims because Walker had not registered with an employment agency, as required by law. Walker appealed to the Review Commission, which held a hearing and affirmed the denial of benefits for the same reasons. Walker then appealed to the common pleas court, and the court again affirmed the decision of the Review Commission. Walker filed the instant appeal, challenging the denial of benefits.
 II.
It appears that Walker believes that the determination rendered by the Review Commission on January 13, 1999, which found Walker eligible for benefits for the week ending October 17, 1998, governs the other time periods discussed above. Walker assigns as error that the later denial of benefits for the period of November 7, 1998 to February 6, 1999, is an unwarranted attack on the final decision rendered by the Review Commission on January 13, 1999. However, unemployment compensation is determined on a weekly basis. Thus, while Walker was appealing the denial of her original claim, she was obliged to continue to apply for unemployment for each week that she was unemployed, looking for work, and available for work. See R.C. 4141.29(A)(1)-(4). Walker had to file a claim for each week of unemployment by the end of the calendar week following the week for which compensation was sought. R.C. 4141.29(A)(2); Ohio Adm. Code 4141-27-05(A). For the weeks ending November 7, 1998 to January 23, 1999, Walker did not file until February 11, 1999, beyond the period for timely filing.
Walker was also required to register at an employment office, and offer evidence that she had made contact with at least two potential employers each week. R.C. 4141.29(A)(4); Ohio Adm. Code 4141-29-07(A). Walker failed to register for the weeks ending January 30 and February 6, 1999. Walker asserted to the Review Commission hearing officer that she had in fact continued to contact at least two potential employers each week. However, the OBES administrator's file and the Review Commission's file is totally devoid of any evidence to substantiate this claim.
A reviewing court may reverse the Review Board's determination only if it is "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.28(N)(1).[1] See, also, Tzangas, Plakas Mannosv. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. A reviewing court must determine if the evidence in the record supports the board's decision. This standard of review is shared by every reviewing court. Id. at 696. The evidence in the record supports the conclusion that Walker's applications for the weeks ending November 7, 1998 to February 6, 1999 were either untimely filed or they lacked evidence that Walker was actively seeking employment during those weeks.
The decision of the Review Board, as affirmed by the court of common pleas, is reasonable, is supported by the evidence, and comports with the law. This court overrules Walker's assignment of error, and we affirm the judgment of the common pleas court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J. WHITMORE, J. CONCUR
[1] The statute was revised effective September 21, 2000. At the time of Walker's administrative appeal to the court of common pleas, this provision of the statute was in R.C. 4141.28(O)(1).